IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FRED ROBINSON; ASHLEY SPRAGUE; and JOHNNY GIBBS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID W. PURKEY, Commissioner of the Tennessee Department of Safety and Homeland Security, in his official capacity, *et al.*,<br><br>Defendants. | Case No. 3:17-cv-01263 |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs hereby move, on behalf of themselves and on behalf of the Class and Subclasses they seek to certify,[1] for a Preliminary Injunction, as follows:

- On behalf of all Named Plaintiffs and the putative Statewide Class, enjoining Defendant Purkey from suspending or permitting the suspension of any driver's license pursuant to Tenn. Code Ann. § 55-50-502(a)(1)(H) or (I) without either

    - notice to the licensee that includes the offer of a fact-based inquiry, with participation by the licensee, as to the licensee's ability to pay and, if such inquiry is requested, a factual determination, prior and as a prerequisite to license suspension, that the amount sought is within the licensee's ability to pay, or

    - certification from the reporting county that notice containing such offer has been afforded and (if inquiry is requested) such factual determination has been made.

- On behalf of Plaintiff Robinson and the putative Wilson County Subclass, enjoining Defendant Wilson County and Defendant Moss from notifying the Department of nonpayment of Traffic Debt in any circumstance where there has not been notice to the licensee that includes the offer of a fact-based inquiry, with participation by the licensee, as to the licensee's ability to pay and, if such

---

[1] The Statewide Class and its Subclasses are as defined in Plaintiffs' Motion for Class Certification, previously filed with this Court.

- inquiry is requested, a factual determination, prior and as a prerequisite to license suspension, that the amount sought is within the licensee's ability to pay.

- On behalf of Plaintiff Gibbs and the putative Rutherford County Subclass, enjoining Defendant Rutherford County and Defendant Harrell from notifying the Department of nonpayment of Traffic Debt in any circumstance where there has not been notice to the licensee that includes the offer of a fact-based inquiry, with participation by the licensee, as to the licensee's ability to pay and, if such inquiry is requested, a factual determination, prior and as a prerequisite to license suspension, that the amount sought is within the licensee's ability to pay.

- On behalf of Plaintiff Sprague, enjoining Defendants Linville, Gaskill, Mt. Juliet, and Lebanon from notifying the Department of nonpayment of Traffic Debt in any circumstance where there has not been notice to the licensee that includes the offer in each instance of a fact-based inquiry, with participation by the licensee, as to the licensee's ability to pay and, if such inquiry is requested, a factual determination, prior and as a prerequisite to license suspension that the amount sought is within the licensee's ability to pay.

- On behalf of Plaintiffs Robinson and Sprague and the putative Statewide Class except for the members of the Multi-Barrier Subclass, enjoining Defendant Purkey to
    - reinstate all driver's licenses that were suspended for nonpayment of Traffic Debt prior to the date of entry of the preliminary injunction, at no cost to the license holders;
    - waive all reinstatement fees; and
    - notify all persons whose licenses were suspended of the reinstatement.

In support of this Motion, Plaintiffs rely on the Complaint, on the Declarations of Fred Robinson, Ashley Sprague, Johnny Gibbs, and Edward P. Krugman, and on a Memorandum of Law. Plaintiffs also reserve the right to rely on the results of expedited discovery (as described in Plaintiffs Motion for Expedited Discovery, filed simultaneously herewith).

Respectfully submitted,

s/ Matthew G. White
Matthew G. White (TN #30857)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
901-577-8182
mwhite@bakerdonelson.com

s/ Claudia Wilner
Claudia Wilner (NY #4264156) (*admitted pro hac*)
Edward P. Krugman (NY #1665892) (*admitted pro hac*)
Theresa Lau (NY #5496526) (*admitted pro hac*)
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
212-633-6967
wilner@nclej.org
krugman@nclej.org
lau@nclej.org

s/ Premal Dharia
Premal Dharia (DC #484091) (*admitted pro hac*)
Jonas Wang (NY #5531769) (*admitted pro hac*)
CIVIL RIGHTS CORPS
910 17th Street NW, Suite 500
Washington, DC 20006
202-670-4809
premal@civilrightscorps.org
jonas@civilrightscorps.org

s/ Josh Spickler
Josh Spickler TN (TN #21019) (*pro hac vice admission forthcoming*)
JUST CITY
902 South Cooper Street
Memphis, TN 38104
901-206-2226
josh@justcity.org

September 21, 2017

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of September, 2017, a true and correct copy of the foregoing will be served as follows:

On the following via U.S. Mail and Email:

Mike Jennings
Wilson County Attorney
326 North Cumberland Street
Lebanon, TN 37087
mjenningslaw@aol.com

Josh McCreary
Rutherford County Attorney
16 Public Square North
Murfreesboro, TN 37130
jmccreary@mborolaw.com

Andy Wright
Lebanon City Attorney
200 N. Castle Heights Avenue
Lebanon, TN 37087
andy.wright@lebanontn.org

Gino Marchetti
Mount Juliet City Attorney
2908 Poston Avenue
Nashville, TN 37203
gmarchetti@tpmblaw.com

David W. Purkey, in his official capacity as Commissioner
for the Tennessee Department of Safety and Homeland Security
c/o Michael A. Meyer
Tennessee Attorney General, Special Counsel
Law Enforcement and Special Prosecutions
P.O. Box 20207
Nashville, TN 37202
michael.meyer@ag.tn.gov


    /s/ Matthew G. White
    Matthew G. White