UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FRED ROBINSON, *et al,*       )
                                      )
       Plaintiffs,           )
                                        )
                                        )
v.                               )      No. 3:17-cv-01263
                                      )      JUDGE TRAUGER
                                      )
DAVID PURKEY, in his official      )
capacity as Commissioner, Tennessee )
Department of Safety and Homeland  )
Security, *et al,*                   )
                                        )
       Defendants.          )

---

## ANSWER OF COMMISSIONER DAVID W. PURKEY

---

Pursuant to Rule 12, Fed. R. Civ. P., David W. Purkey, in his official capacity as Commissioner of the Tennessee Department of Safety & Homeland Security (the "Department"), hereby submits this Answer to Plaintiffs' Complaint (D.E. 1).

### INTRODUCTION

1.      Admitted as to the number of suspensions pursuant to Tenn. Code Ann. § 55-50-502(a)(1)(H) and (I). Denied that the phrase "Traffic Debt" is appropriate nomenclature. All other allegations of paragraph 1 of the Amended Complaint are denied.

2.      Admitted that, for most adult residents of Tennessee, the ability to drive is an important aspect of daily life. By way of further response, the ability to drive is not a fundamental constitutional right. *Duncan v. Cone*, 2000 WL 1828089 (6th Cir. 2000). Under the law of the State of Tennessee, the ability to drive is a privilege that is subject to state regulation. *Sullins v.*

*Butler*, 175 Tenn. 468 (1940). All remaining allegations – including allegations that a driver's license is "essential" and "fundamental" – are denied.

3.      Admitted that driver's licenses are suspended by the Department pursuant to Tenn. Code Ann. § 55-50-502(a)(1)(H) and (I), and that such a suspension is predicated upon a driver's failure to comply with a court order. Admitted that Tenn. Code Ann. § 55-50-502(a)(1)(H) and (I) requires – as a prerequisite to suspension – notification from a court to the Department of a driver's failure to pay court-ordered monetary assessments and/or failure to appear in court. Admitted that Tenn. Code Ann. § 55-50-502(a)(1)(H) and (I) does not require a court order specifically directing a suspension. All other allegations of paragraph 3 of the Amended Complaint are denied.

4.      Admitted that the Department receives notifications from various county and municipal court clerks in Tennessee regarding failures to satisfy the monetary conditions of court judgments. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 4.

5.      Admitted that driver's licenses are suspended by the Department pursuant to Tenn. Code Ann. § 55-50-502(a)(1)(H) and (I), and that such a suspension is predicated upon a driver's failure to comply with a court order. Admitted that Tenn. Code Ann. § 55-50-502(a)(1)(H) and (I) requires – as a prerequisite to suspension – judicial notification to the Department of a driver's failure to pay court-ordered monetary assessments and/or failure to appear in court. Admitted that the scope of the hearing as defined by Tenn. Code Ann. § 55-50-502(a)(1)(I) is "to show that there is an error in the records received by the department," and that the Department conducts no inquiry into a driver's ability to pay the court-ordered monetary assessments, and that the Department receives no information from the court regarding a driver's ability to pay such judicial assessment(s).

2

6.     Admitted that a court judgment (which Plaintiffs inaccurately call "Traffic Debt") constitutes a "barrier" to regaining one's driver's license.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 6.

7.     Denied as stated.  Pursuant to Tenn. Code Ann. §§ 55-50-502(a)(1)(I) and -504(h), the Department sends pre- and post- suspension notices to an affected licensee via the licensee's last known address.  *See*, *e.g.*, D.E. 132-5 at Exh. D-1 and D-2.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 7.

8.     Admitted.  By way of further response, and as previously briefed in this case, a licensee has numerous opportunities to be heard at the trial court, and on appeal, with regard to issues of indigency and ability to pay court-ordered monetary assessments, and that such opportunities are available before, during and after judgment is imposed.

9.     Denied.  The Department sends pre- and post- suspension notices to an affected licensee via the licensee's last known address pursuant to Tenn. Code Ann. §§ 55-50-502(a)(1)(I) and -504(h).

10.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 10.

11.     Admitted that some Tennessee residents are charged with driving on suspended licenses, which (depending upon the facts and circumstances of each case, including a driver's ability to pay a monetary judgment) may result in the judicial assessment and imposition of a fine and/or court costs.  Admitted that (depending upon the facts and circumstances of each case) a conviction for driving on a suspended license also may result in incarceration for a period of time.

3

*See* Tenn. Code Ann. § 55-50-504(a). All other allegations of paragraph 11 of the Amended Complaint are denied.

12.     Denied.

13.     Admitted that Plaintiffs seek declaratory and injunctive relief on behalf of themselves and the putative class and subclasses. Denied that Plaintiffs are entitled to any such relief.

## JURISDICTION AND VENUE

14.     Denied that this Court has jurisdiction over the claims asserted and the relief requested, pursuant to the *Rooker-Feldman* doctrine and the Eleventh Amendment to the United States Constitution.

15.     Venue is not disputed.

## PARTIES

16.     Admitted on information and belief.

17.     Admitted on information and belief.

18.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 18.

19.     Admitted on information and belief.

20.     Admitted.

21.     Admitted that Melissa Harrell is the Circuit Court Clerk of Rutherford County, Tennessee, and that her responsibilities and duties are prescribed by law.

22.     Admitted that Debbie Moss is the Circuit Court Clerk of Wilson County, Tennessee, and that her responsibilities and duties are prescribed by law.

23.     Admitted that Corey Linville is the Municipal Court Clerk of Lebanon, Tennessee, and that his responsibilities and duties are prescribed by law.

4

24.     Denied.

25.     Admitted as to the stated designation.

26.     Admitted.

27.     Admitted.

## FACTUAL ALLEGATIONS

28.     Denied as stated.  Admitted that driver's licenses are suspended by the Department pursuant to Tenn. Code Ann. § 55-50-502, upon judicial notification to the Department of a driver's failure to pay court-ordered monetary assessments.

29.     Admitted that the duties and responsibilities county and municipal court clerks are described by various state statutes and municipal ordinances, and that such duties and responsibilities may include the monitoring and collection of monetary assessments imposed as part of a court judgment.

30.     Admitted that Tenn. Code Ann. § 55-10-306(b)(1) states, in part: "within thirty (30) days after the conviction or forfeiture of bail of a person upon a charge of violating any provision of chapter 8, parts 1-5 of this chapter and § 55-12-139 or other law regulating the operation of vehicles on highways, every such magistrate or judge of the court or clerk of the court of record in which the conviction was had or bail was forfeited shall prepare and immediately forward to the department an abstract of the record of the court covering the case in which the person was so convicted or forfeited bail . . . ."

31.     Neither Commissioner Purkey, nor his counsel, currently are aware of a legal requirement upon county and municipal court clerks to report nonpayment of court judgments to the Department; however, neither Commissioner Purkey, nor his counsel, have conducted a survey of "Tennessee law" to determine the accuracy of the assertion of law set forth in paragraph 31; accordingly, lacking knowledge and information, the assertion is denied.

5

32.      Admitted that the Department receives notifications from various county and municipal court clerks in Tennessee regarding failures to satisfy the monetary conditions of court judgments.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 32.

33.      Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 33.

34.      Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 34.

35.      Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 35.

36.      Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 36.

37.      Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 37.

38.      Commissioner Purkey admits that the Department receives notifications from various county and municipal court clerks in Tennessee, regarding failures to satisfy the monetary conditions of court judgments.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 38.

39.      Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 39.

40.      Admitted that Plaintiffs have quoted accurately portions of Tenn. Code Ann. § 55-50-502(a)(1)(H) and (I).

41.      Admitted that the Department receives notifications from various county and municipal court clerks in Tennessee, regarding failures to satisfy the monetary conditions of court

6

judgments. Admitted that – pursuant to Tenn. Code Ann. §§ 55-50-502(a)(1)(I) and -504(h) – the Department sends pre- and post- suspension notices to an affected licensee via the licensee's last known address. Admitted that the Department will suspend a driver's license pursuant to Tenn. Code Ann. § 55-50-502(a)(1)(H) and/or (I), unless the Department receives certification from the clerk of the court which has imposed the monetary judgment(s) at issue that the judgment(s) has(have) been satisfied or unless the licensee timely requests a hearing in the manner described by Tenn. Code Ann. § 55-50-502(a)(1)(I).

42.     Admitted.

43.     Admitted that – pursuant to Tenn. Code Ann. §§ 55-50-502(a)(1)(I) – the Department sends pre- and post- suspension notices to an affected licensee. Admitted that the Department will suspend a driver's license pursuant to Tenn. Code Ann. § 55-50-502(a)(1)(H) and/or (I), unless the Department receives certification from the clerk of the court which has imposed the monetary judgment(s) at issue that the judgment(s) has(have) been satisfied or unless the licensee timely requests a hearing in the manner described by Tenn. Code Ann. § 55-50-502(a)(1)(I). While such notices are sent to the licensee's last known address, it is admitted that some licensees (possibly due to a licensee's change of address which has not been furnished to the Department, or a licensee's own failure to pick up his/her mail [*see*, *e.g.*, D.E. 144-4]) may not receive such notices. Denied that such occurrences are "frequent."

44.     Admitted that "[t]he department is authorized" pursuant to Tenn. Code Ann. § 55-50-502(a)(1) to suspend licenses upon a showing of various delineated events, including receipt judicial notification to the Department of a driver's failure to pay court-ordered monetary assessments. Admitted that – pursuant to Tenn. Code Ann. §§ 55-50-502(a)(1)(I) and -504(h) – the Department sends pre- and post- suspension notices to an affected licensee. Admitted that the Department will suspend a driver's license pursuant to Tenn. Code Ann. § 55-50-502(a)(1)(H)

7

and/or (I), unless the Department receives certification from the clerk of the court which has imposed the monetary judgment(s) at issue that the judgment(s) has(have) been satisfied or unless the licensee timely requests a hearing in the manner described by Tenn. Code Ann. § 55-50-502(a)(1)(I). Admitted that the scope of the hearing as defined by Tenn. Code Ann. § 55-50-502(a)(1)(I) is "to show that there is an error in the records received by the department," and that the Department conducts no inquiry into a driver's ability to pay the court-ordered monetary assessment. All remaining allegations in Paragraph 44 are denied.

45. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 45.

46. Admitted that Tenn. Code Ann. § 55-50-502(a)(1)(I) defines the scope of the hearing as to afford the licensee (on timely request) an opportunity to show that there is an error in the records received by the Department from the clerk of the court that entered the judgment at issue.

47. Admitted.

48. Denied as stated. Admitted that Tenn. Code Ann. § 55-50-502(a)(1)(I) defines the scope of the hearing as to afford the licensee (on timely request) an opportunity to show that there is an error in the records received by the Department from the clerk of the court that entered the judgment at issue, and admitted that the Department does not broaden the scope of that statutory authority. By way of further response, opportunities for a licensee to address issues of indigency and ability to pay monetary assessments, which are imposed as part of a court judgment, are available to a licensee at the trial court, and on appeal, before, during and after judgment is imposed.

49. Admitted that Tenn. Code Ann. § 55-50-502(j) permits a licensee, whose license has been suspended pursuant to section 502(a)(1)(H), "may apply to the court where the person

8

was convicted for the issuance of a restricted license." Denied that the provisions of 502(j) are "constitutionally inadequate."

50.    The first sentence of paragraph 50 of the Amended Complaint is denied. Admitted that, apart from the availability of restricted licenses being a matter of published statutory authority (*see City of W. Covina v. Perkins*, 525 U.S. 234, 241 (1999)), the Department does not address the availability of this judicial remedy in the pre- and post-suspension notices sent to licensees. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 50.

51.    Admitted that Tenn. Code Ann. § 55-50-502(j) does not specifically permit the issuance of a restricted license for suspensions arising under section 502(a)(1)(I). Commissioner Purkey lacks knowledge or information sufficient to form a belief as to whether or not any Tennessee courts have construed the judicial remedy embodied in section 502(j) to apply to suspensions under 502(a)(1)(I).

52.    Admitted that Tenn. Code Ann. § 55-50-502(a)(1)(I) defines the scope of the hearing as to afford the licensee (on timely request) an opportunity to show that there is an error in the records received by the Department from the clerk of the court that entered the judgment at issue, and admitted that the Department does not broaden the scope of that statutory authority. By way of further response, opportunities for a licensee to address issues of indigency and ability to pay monetary assessments, which are imposed as part of a court judgment, are available to a licensee at the trial court, and on appeal, before, during and after judgment is imposed.

53.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 53.

54.    Admitted that Plaintiffs have quoted accurately portions of Tenn. Code Ann. § 55-50-502(d)(2). Admitted that a similar provision is codified at Tenn. Code Ann. § 55-50-303(d)(1).

9

55.     Admitted that the Department has the authority to reinstate licenses pursuant to the provisions of Tenn. Code Ann. §§ 55-50-303(d)(2) and -502(d)(3).

56.     Admitted that Tenn. Code Ann. § 55-50-502(a)(1)(H) states, in part: "in any county having a population of not less than eight hundred ninety-seven thousand four hundred (897,400) nor more than eight hundred ninety-seven thousand five hundred (897,500), according to the 2000 federal census or any subsequent federal census, prior to the suspension of a license, the local court or court clerk of the jurisdiction shall offer an installment payment plan" for a licensee convicted of a driving offense, and that such provision applies to Shelby County.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 56.

57.     Admitted that Tenn. Code Ann. § 55-50-502(d)(2) – which applies statewide – reads "[a] person whose license has been suspended, pursuant to subdivision (a)(1)(H) or (a)(1)(I), subject to the approval of the court, may pay any local fines or costs, arising from the convictions or failure to appear in any court, by establishing a payment plan with the local court or the court clerk of the jurisdiction. Notwithstanding § 55-50-303(b)(2), the fines and costs for a conviction of driving while suspended, when the conviction was a result of a suspension pursuant to subdivision (a)(1)(H) or (a)(1)(I), may be included in such payment plan, subject to the approval of the court."   Admitted that Tenn. Code Ann. § 55-50-502(d)(6) states "[a]ny county that participates in the payment plan authorized by this subsection (d) shall pay to the state any expense required to be paid for state implementation of this subsection (d). The payment shall be divided pro rata among the counties to which this subsection (d) applies. The payment shall be made prior to the implementation by the county of this subsection (d)."   Whether section 502(d)(6) renders payment plans under section 502(d)(2) optional is a matter of statutory interpretation; accordingly,

10

to the extent that Plaintiffs' interpretation is contrary to the text and intent of the statute, such interpretation is denied.

58.     Admitted that Debbie Moss is the Circuit Court Clerk of Wilson County, Tennessee, and that her responsibilities and duties are prescribed by law.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 58.

59.     Admitted that Debbie Moss is the Circuit Court Clerk of Wilson County, Tennessee, and that her responsibilities and duties are prescribed by law.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 59.

60.     Admitted that Melissa Harrell is the Circuit Court Clerk of Rutherford County, Tennessee, and that her responsibilities and duties are prescribed by law.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 60.

61.     Admitted that Melissa Harrell is the Circuit Court Clerk of Rutherford County, Tennessee, and that her responsibilities and duties are prescribed by law.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 61.

62.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 62.

63.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 63.

64.     Admitted that Corey Linville is the Municipal Court Clerk of Lebanon, Tennessee, and that his responsibilities and duties are prescribed by law.  Commissioner Purkey lacks

knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 64.

65. Admitted that Corey Linville is the Municipal Court Clerk of Lebanon, Tennessee, and that his responsibilities and duties are prescribed by law. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 65.

66. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 66.

67. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 67.

68. Denied as stated. Admitted that payment plans as addressed in Tenn. Code Ann. § 55-50-502(d)(2) are "subject to the approval of the court" and that such judicial oversight serves to ensure that such payment plans are reasonable under the circumstances of each individual case.

69. Admitted only that Tenn. Code Ann. §§ 55-50-502(d) and -303(d) do not address notice to a licensee regarding the availability of judicially-approved payment plans discussed therein. Also admitted that such notice is not constitutionally required. *City of W. Covina v. Perkins*, 525 U.S. 234, 241 (1999). Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 69.

70. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 70.

71. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 71 (which also appear to contradict the allegations of Paragraph 31). Admitted that "[t]he department shall, upon notice of the person's failure to comply with any payment plan established pursuant to this subsection (d), suspend the

12

license of a person [and] shall notify the person in writing of the proposed suspension, and upon request of the person within thirty (30) days of the notification, shall provide the person an opportunity for a hearing to show that the person has, in fact, complied with the court clerk's payment plan." Tenn. Code Ann. §§ 55-50-303(d)(3), -502(d)(4).

72.    Denied as stated.  Admitted that "[t]he department shall, upon notice of the person's failure to comply with any payment plan established pursuant to this subsection (d), suspend the license of a person [and] shall notify the person in writing of the proposed suspension, and upon request of the person within thirty (30) days of the notification, shall provide the person an opportunity for a hearing to show that the person has, in fact, complied with the court clerk's payment plan." Tenn. Code Ann. §§ 55-50-303(d)(3), -502(d)(4).

73.    Denied as stated.  Admitted that Tenn. Code Ann. §§ 55-50-303(d)(3), -502(d)(4) define the scope of the hearing as to afford the licensee (on timely request) an opportunity to show that he or she complied with the court clerk's payment plan, and admitted that the Department does not broaden the scope of that statutory authority.  By way of further response, opportunities for a licensee to address issues of indigency and ability to pay monetary assessments, which are imposed as part of a court judgment and/or a court-approved payment plan, are available to a licensee at the trial court, and on appeal, before, during and after judgment is imposed.

74.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 74.

75.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 75.

76.    Admitted.

77.    Admitted.

78.    Admitted.

13

79.     Admitted.

80.     Admitted.

81.     Admitted, except denied that the phrase "Court Debt" is appropriate nomenclature.

82.     Admitted that payment of a court judgment (which Plaintiffs inaccurately call "Traffic Debt") constitutes a "hurdle" to regaining one's driver's license. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 82.

83.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 83.

84.     Admitted that, pursuant to Tenn. Code Ann. § 55-50-204(b), "[t]he department shall also file all accident reports, abstracts of court records of convictions and driver education or improvement course completion certification received by it under the laws of this state, and, in connection therewith, maintain convenient records or make suitable notations in order that an individual record of each licensee showing the convictions of such licensee and the traffic accidents in which the licensee has been involved and the driver education or improvement courses the licensee has completed shall be readily ascertainable and available for the consideration of the department upon any application for renewal of license and at other suitable times." The word "certified" appears nowhere in the statute, and Plaintiffs' meaning for the use of that word is unclear; accordingly, the allegation is denied.

85.     Admitted that the Department maintains records of suspensions and/or revocations on a driver-by-driver basis, and each suspension and/or revocation is recorded separately. Plaintiffs' use of the word "tracking" is vague and subject to multiple interpretations; accordingly, the allegation is denied.

14

86. Denied as stated. Plaintiffs do not specify what "procedures" they are citing, nor what document they are quoting. Accordingly, admitted only that – upon a licensee's satisfaction of all conditions which served as a basis for a suspension pursuant to Tenn. Code Ann. § 55-50-502(a)(1)(H) or (I), and the payment of the statutory reinstatement fee – the Department will reinstate a driver's license with respect to the offense at issue.

87. Denied as stated. Admitted that, for a failure to satisfy a traffic citation, a licensee must pay a statutory restoration fee of $65.00 per offense (with multiple suspensions arising from a single traffic incident constituting one offense), and that, for failures to satisfy traffic citations, reinstatement fees shall not to exceed $400.00. *See* Tenn. Code Ann. § 55-12-129(c).

88. Admitted that under Department Rule 1340-2-5-.02 any person whose reinstatement fee totals more than $200.00 may choose to enter into the driver license reinstatement fee installment payment plan upon complying with all other requirements of law for reinstatement of driving privileges. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 88.

89. Admitted that, as authorized by Tenn. Code Ann. § 55-12-129(g), Department Rule 1340-2-5-.10 states "[u]pon entering the reinstatement fee installment payment plan, the person will be required to pay a twenty-five dollar ($25.00) administration fee to defray costs and expenses for the operation of this program." Admitted that Department Rule 1340-2-5-.4 states, in part: (a) "[e]ach person entering the payment plan will make an initial minimum payment of at least two hundred dollars ($200.00) at the time of reinstatement of the driver license," and (b) "[t]he person will be required to make minimum quarterly payments of three hundred dollars ($300.00)." Admitted that Department Rule 1340-2-5-.3 states "[e]ach driver license reinstatement fee installment payment plan shall be established for a period of time not to exceed twenty-four (24) months with payments being made pursuant to Rule No. 1340-2-5-.04."

15

Admitted that "[a] person who defaults on any installment payment plan authorized pursuant to this subsection (g) shall not be eligible for any future payment plans." Tenn. Code Ann. § 55-12-129(g)(5).

90. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 90.

91. Admitted. Denied that the phrase "Traffic Debt" is appropriate nomenclature.

92. Denied.

93. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 93, and Plaintiffs do not identify the referenced "available data" with any specificity.

94. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 94.

95. Admitted that, for most adult residents of Tennessee, the ability to drive is an important aspect of daily life. By way of further response, the ability to drive is not a fundamental constitutional right. *Duncan v. Cone*, 2000 WL 1828089 (6th Cir. 2000). Under the law of the State of Tennessee, the ability to drive is a privilege that is subject to state regulation. *Sullins v. Butler*, 175 Tenn. 468 (1940). Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 95.

96. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 96.

97. Admitted that, for most adult residents of Tennessee, the ability to drive is an important aspect of daily life. By way of further response, the ability to drive is not a fundamental constitutional right. *Duncan v. Cone*, 2000 WL 1828089 (6th Cir. 2000). Under the law of the State of Tennessee, the ability to drive is a privilege that is subject to state regulation. *Sullins v.*

16

*Butler*, 175 Tenn. 468 (1940).  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 97.

98.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 98.

99.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 99.

100.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 100.

101.    Admitted that driving on a suspended license is Class B Misdemeanor for a first offense, punishable at the court's discretion by not greater than 6 months imprisonment or a fine not to exceed $500.00, or both.    Admitted that driving on a suspended license is Class A Misdemeanor for a second and subsequent offenses, punishable at the court's discretion by not greater than 11 months, 29 days imprisonment or a fine not to exceed $2,500.00, or both. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 101.

102.    Admitted that subsequent charges for driving on a suspended license potentially generate additional court-imposed fines and costs, and subject convicted offenders to potential jail time.  Denied that such potential court-imposed punishments are the consequence of actions of the Department.  Admitted that the scope of the hearing as defined by Tenn. Code Ann. § 55-50-502(a)(1)(I) is "to show that there is an error in the records received by the department," and that the Department conducts no inquiry into a driver's ability to pay the court-ordered monetary assessment; a licensee has numerous opportunities to be heard at the trial court, and on appeal, with regard to issues of indigency and ability to pay such court judgments, and that such opportunities are available before, during and after judgment is imposed.

17

103.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 103.

104.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 104.

105.     Admitted.  By way of further response, the public traffic laws and ordinances are not enforced through private civil actions.

106.     Admitted that the Tennessee General Assembly has not authorized the Department to revoke or suspend driver's licenses for people who owe money for welfare overpayments. Tennessee does not have an income tax.

107.     Denied as stated.  Admitted that people who have failed to pay court-ordered child support could be subject to deprivation of their driver's licenses in accordance with Tenn. Code Ann. § 36-5-701, *et seq*.

108.     Denied as stated.  Admitted that Tenn. Code Ann. § 36-5-501(a)(1) states: "[f]or any order of child support issued, modified, or enforced on or after July 1, 1994, the court shall order an immediate assignment of the obligor's income, including, but not necessarily limited to: wages, salaries, commissions, bonuses, workers' compensation, disability, payments pursuant to a pension or retirement program, profit sharing, interest, annuities, and other income due or to become due to the obligor.  The order of assignment shall issue regardless of whether support payments are in arrears on the effective date of the order.  The court's order, shall include an amount sufficient to satisfy an accumulated arrearage, if any, within a reasonable time.  The order may also include an amount to pay any medical expenses that the obligor owing the support is obligated or ordered to pay.  Withholding shall not exceed fifty percent (50%) of the employee's income after FICA, withholding taxes, and a health insurance premium that covers the child, are deducted.  The order shall also include an amount necessary to cover the fee due the clerk of the

18

court or the department, if appropriate. In the event the court does not order an immediate assignment pursuant to subdivision (a)(2), every order shall be enforceable by income assignment as provided in this chapter."

109. Neither Commissioner Purkey, nor his counsel, have conducted a survey of the totality of "[f]ederal and state laws" to determine the accuracy of the assertion of law set forth in Paragraph 109; accordingly, lacking knowledge and information, the assertion is denied. Denied that a driver's license – being a privilege and not a fundamental right – constitutes a "basic survival resource."

110. Admitted, except denied that "Traffic Debt" is proper nomenclature. By way of further response, Tenn. Code Ann. § 55-50-502(a)(1)(H) and (I) pertains to the Department's authority to suspend driver's licenses. Statutes pertaining to judicial authority to impose, reduce, waive, or otherwise adjudicate monetary assessments are codified elsewhere.

111. Denied.

112. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 112.

113. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 113.

114. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 114.

115. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 115.

116. Admitted that, on June 24, 2016, Plaintiff Robinson received a traffic citation for speeding and failing to provide evidence of financial responsibility. By way of further response, the citation also reflects that Plaintiff Robinson was "driving on [a] revoked" license.

19

Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 116.

117.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 117.

118.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 118.

119.    Admitted.

120.    Admitted that, on August 17, 2016, the Department mailed Plaintiff Robinson a notification that his driver's license would be suspended unless the Department received, within 30 days, a certification from the Clerk of the Wilson County General Sessions Court that the citation had been satisfied.  Admitted that the August 17, 2016, notice did not request information regarding Mr. Robinson's ability or inability to pay the court judgment associated with the traffic citation.   Admitted that the scope of the hearing as defined by Tenn. Code Ann. § 55-50-502(a)(1)(I) is "to show that there is an error in the records received by the department," and that the Department conducts no inquiry into a driver's ability to pay the court-ordered monetary assessment; a licensee has numerous opportunities to be heard at the trial court, and on appeal, with regard to issues of indigency and ability to pay court judgments, and that such opportunities are available before, during and after judgment is imposed.

121.    Admitted.

122.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 122.

123.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 123.

124.    Admitted.

125.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 125.

126.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 126.

127.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 127.

128.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 128.

129.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 129.

130.     Denied.

131.     Admitted that, sometime prior to November 23, 2016, the Department received a notification from the Wilson County Clerk's Office regarding Plaintiff Robinson's failure to satisfy a traffic citation.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 131.

132.     Admitted.

133.     Admitted.  By way of further response, Plaintiff Robinson's license also was revoked on April 17, 2017, as a consequence of his conviction for driving on a revoked license.

134.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 134.  By way of further response, the Department sent notices of suspension to Plaintiff Robinson's last known address.

135.     Admitted that Tenn. Code Ann. § 55-50-502(a)(1)(I) defines the scope of the hearing as to afford the licensee (on timely request) an opportunity to show that there is an error in the records received by the Department from the clerk of the court that entered the judgment at

21

issue, and admitted that the Department does not broaden the scope of that statutory authority. By way of further response, opportunities for a licensee to address issues of indigency and ability to pay court judgments, and that such opportunities are available before, during and after judgment is imposed.

136. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 136.

137. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 137.

138. Admitted that the Department imposed a $323 restoration fee. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 138.

139. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 139.

140. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 140.

141. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 141.

142. The first sentence of Paragraph 142 is admitted. The second sentence of Paragraph 142 is denied.

143. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 143.

144. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 144.

145.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 145.  Commissioner Purkey further denies that the Department employs unconstitutional policies and practices.

146.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 146.

147.    Admitted.

148.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 148.

149.    Admitted that, pursuant to Mt. Juliet Code §§ 28-224(d) and 28-272, the maximum fine for violations of sections 28-224(c) and 28-271 is $50.00 for each violation.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 149.

150.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 150.

151.    Admitted that, in July of 2015, the Department received a notification from the Mt. Juliet Municipal Court Clerk regarding Plaintiff Sprague's failure to satisfy a traffic citation. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 151.

152.    Admitted that, in September of 2015, the Department suspended Plaintiff Sprague's license.  Admitted that the scope of the hearing as defined by Tenn. Code Ann. § 55-50-502(a)(1)(I) is "to show that there is an error in the records received by the department," and that the Department conducts no inquiry into a driver's ability to pay the court-ordered monetary assessment; a licensee has numerous opportunities to be heard at the trial court, and on appeal,

23

with regard to issues of indigency and ability to pay court judgments, and that such opportunities are available before, during and after judgment is imposed.

153. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 153. By way of further response, the Department sent a notice of proposed suspension on August 13, 2015, and a notice of suspension on September 28, 2015, to Plaintiff Sprague's last known address.

154. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 154.

155. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 155.

156. Admitted that, in March of 2016, Plaintiff Sprague received a traffic citation for failing to provide evidence of financial responsibility. Also admitted that the referenced ticket does not reflect a citation for driving on a suspended license. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 156.

157. Admitted that, in May 3, 2016, Plaintiff Sprague received one traffic citation for expired registration, and failing to provide evidence of financial responsibility, and a second citation for driving on a suspended license. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 157.

158. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 158.

159. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 159.

160.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 160.

161.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 161.

162.     Admitted that, on August 16 and September 17, 2016, the Department sent notices of proposed suspension to Plaintiff Sprague's last known address relating to her failure to satisfy the Lebanon municipal citations (##144050 and 148943, respectively) issued on March 21 and May 3, 2016, and that such notices of proposed suspension were mailed after receiving notification from the Lebanon Municipal Court that such citations had not been satisfied.   Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 162.

163.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 163.

164.     Denied as stated.  Admitted that, on September 30 and November 1, 2016, and upon receiving notification from the Lebanon Municipal Court, the Department sent notices of suspension to Plaintiff Sprague at her last known address relating to her failure to satisfy the Lebanon municipal citations (##144050 and 148943, respectively).  Admitted that the scope of the hearing as defined by Tenn. Code Ann. § 55-50-502(a)(1)(I) is "to show that there is an error in the records received by the department," and that the Department conducts no inquiry into a driver's ability to pay the court-ordered monetary assessment; a licensee has numerous opportunities to be heard at the trial court, and on appeal, with regard to issues of indigency and ability to pay court judgments, and that such opportunities are available before, during and after judgment is imposed.  Admitted that these two suspensions imposed additional reinstatement fees

upon Plaintiff Sprague. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 164.

165. Denied.

166. Admitted.

167. Admitted.

168. Plaintiff Sprague has not produced a copy of the referenced Reinstatement Requirements letter, or filed the letter with the Court. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 168.

169. Plaintiff Sprague has not produced a copy of the referenced Reinstatement Requirements letter, or filed the letter with the Court. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 169.

170. Plaintiff Sprague has not produced a copy of the referenced Reinstatement Requirements letter, or filed the letter with the Court. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 170.

171. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 171.

172. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 172.

173. Admitted on information and belief, based upon records produced in discovery, that Plaintiff Sprague pled guilty in Wilson County General Sessions Court to the offense of driving

26

on a suspended license. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 173.

174. Admitted on information and belief, based upon records produced in discovery, that Plaintiff Sprague, on April 3, 2017, entered into a payment plan relating to the offense described in paragraph 173. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 174.

175. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 175.

176. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 176.

177. Plaintiff Sprague has not produced a copy of the referenced Reinstatement Requirements letter, or filed the letter with the Court. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 177.

178. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 178.

179. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 179.

180. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 180.

181. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 181.

182. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 182.

183.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 183.

184.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 184.

185.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 185.

186.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 186.

187.    Admitted.

188.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 188.

189.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 189.

190.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 190.

191.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 191.

192.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 192.

193.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 193.

194.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 194.

195.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 195.

196.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 196.

197.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 197.

198.    Denied as stated.  Admitted that, on July 24, 1998, the Department sent a notice of proposed suspension to Plaintiff Gibbs, at his last known address, reciting his truancy and advising that his driving privileges, driver's license, and privilege to obtain a license would be suspended 30 days thereafter, unless Plaintiff Gibbs complied with Tenn. Code Ann. § 49-6-3017 (1996). Admitted that the Department thereafter suspended Plaintiff Gibbs' license in accordance with such notice.  Admitted that, in 2002, Plaintiff Gibbs was convicted of driving on a suspended license, and that, on August 27, 2002, the Department sent a notice of suspension related to this conviction.  This notice further required Plaintiff Gibbs to surrender his license to the Department and to provide the Department with proof of liability insurance.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 198.

199.    Admitted that Plaintiff Gibbs' license remains suspended and revoked. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 199.

200.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 200.  By way of further response, the Department sent notices to Plaintiff Gibbs' last known address, regarding the suspensions of his license.

29

201.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 201.

202.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 202.

203.     Admitted that, in 2006, Plaintiff Gibbs received a ticket for driving on a suspended license, which resulted in a court-ordered monetary assessment.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 203.

204.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 204.

205.     Admitted, except denied that the phrase "Court Debt" is appropriate nomenclature.

206.     Plaintiff Gibbs has not produced a copy of the referenced Reinstatement Requirements letter, or filed the letter with the Court.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 206.

207.     Plaintiff Gibbs has not produced a copy of the referenced Reinstatement Requirements letter, or filed the letter with the Court.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 207.

208.     Plaintiff Gibbs has not produced a copy of the referenced Reinstatement Requirements letter, or filed the letter with the Court.  Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 208.

209.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 209.

210.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 210.

211.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 211.

212.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 212.

213.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 213.

214.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 214.

215.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 215.

216.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 216.

217.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 217.

218.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 218.

219.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 219.

220.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 220.

221.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 221.

222.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 222.

223.    Admitted.

224.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 224.

225.    Admitted.

226.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 226.

227.    Admitted that, sometime before December 31, 2016, the Department received notifications from Bristol City regarding Plaintiff Booher's failure to satisfy traffic citations.

228.    Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 228.  By way of further response, the Department sent pre- and post-suspension notices to Plaintiff Booher's last known address.

229.    Denied as stated.   Admitted that the Department suspended Plaintiff Booher's license in January of 2017.  By way of further response, the Department restored Plaintiff Booher's license when it independently learned that no valid court judgment had been entered against her. The restoration of Plaintiff Booher's license renders her claims moot.

230.    Admitted that the scope of the hearing as defined by Tenn. Code Ann. § 55-50-502(a)(1)(I) is "to show that there is an error in the records received by the department," and that the Department conducts no inquiry into a driver's ability to pay the court-ordered monetary assessment; a licensee has numerous opportunities to be heard at the trial court, and on appeal,

32

with regard to issues of indigency and ability to pay court judgments, and that such opportunities are available before, during and after judgment is imposed.

231. Admitted. By way of further response, the charge subsequently was dismissed.

232. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 232. By way of further response, the Department sent pre- and post-suspension notices to Plaintiff Booher's last known address.

233. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 233.

234. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 234.

235. Admitted. By way of further response, the charge subsequently was dismissed.

236. Admitted. By way of further response, the charge subsequently was dismissed.

237. Admitted that Plaintiff Booher paid a reinstatement fee. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations set forth in paragraph 237. By way of further response, the reinstatement fee paid by Plaintiff Booher was returned when the Department restored her license after independently learning that no valid court judgment had been entered against her.

238. Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 238.

239. Denied, on information and belief, in that the underlying 2016 court judgments were void *ab initio*.

240. Denied.

241.     Commissioner Purkey lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations set forth in paragraph 241.  By way of further response, Plaintiff Booher's claims are moot.

242.     Admitted that Plaintiffs bring this action pursuant to Rule 23(b)(2), Fed. R. Civ. P. Denied that any class or sub-classes should be certified.

243.     Admitted that Plaintiffs bring this action pursuant to Rule 23(b)(2), Fed. R. Civ. P. Denied that any class or sub-classes should be certified.

244.     Denied.

245.     Denied.

246.     Denied.

247.     Admitted that Plaintiffs and the members of the members of the putative class and sub-classes are represented by competent counsel.

248.     Denied.

249.     Denied.

250.     Denied.

251.     Denied.

Any allegations not specifically admitted are hereby denied.

## REQUEST FOR RELIEF

Defendant denies that Plaintiffs (on behalf of themselves and/or the members of the class) have been deprived of any rights secured by the United States Constitution and denies that Plaintiffs (on behalf of themselves and/or the members of the class) are entitled to any of the relief set forth in their Complaint.

34

## GENERAL DENIAL

All allegations set forth in the Complaint which are not specifically admitted in this Answer, are hereby denied as though individually and specifically denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims and requests for relief (on behalf of themselves and the members of the class) are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

2.      This Court lacks jurisdiction over Plaintiffs' claims and requests for relief pursuant to the *Rooker-Feldman* doctrine.

3.      Plaintiffs' claims are barred in whole or in part by the applicable Statute of Limitation and/or the doctrine of laches.

4.      Plaintiffs' claims are barred in whole or in part for lack of standing.

5.      Plaintiffs claims are barred in whole or in part by the doctrine of mootness.

6.      Plaintiffs fail to state a claim as a matter of law.

7.      Defendant is entitled to and seek herein to recover the attorneys' fees and expenses incurred in the defense of this action as provided by 42 U.S.C. § 1988.

8.      Defendant reserves the right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional defenses which might become relevant as this matter progresses.

Wherefore Defendant prays that this matter be dismissed with all costs taxed against Plaintiffs.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/ Andrew B. Campbell
ANDREW B. CAMPBELL (14258)
Assistant Attorney General
Public Interest Division
Andrew.Campbell@ag.tn.gov (615) 532-0356

ALEXANDER S. RIEGER (29362)
Deputy Attorney General
General Civil Division
Alex.Rieger@ag.tn.gov (615) 741-2408

SCOTT C. SUTHERLAND (29013)
Deputy Attorney General
Law Enforcement &
Special Prosecutions Division
P.O. Box 20207
Nashville, TN   37202
Scott.Sutherland@ag.tn.gov (615) 532-7688

## CERTIFICATE OF SERVICE

I hereby certify that on the 22ⁿᵈ day of June, 2018, a copy of the foregoing document was served by CM/ECF to:

| | |
|---|---|
| **Premal Dharia**<br>**Edward P. Krugman**<br>**Jonas Wang**<br>Civil Rights Corps<br>910 17th Street NW, Suite 500<br>Washington, DC 20006<br>*Counsel for Plaintiffs* | **Kristin Ellis Berexa**<br>Farrar & Bates<br>211 Seventh Ave., North, Suite 500<br>Nashville, TN 37219<br>*Counsel for Mt. Juliet, Gaskill, Wilson County, Moss, Lebanon, Rutherford County, Linville, and Harrell* |
| **Claudia Wilner**<br>**Theresa Lau**<br>National Center for Law and Economic Justice<br>275 Seventh Avenue, Suite 1506<br>New York, NY 10001<br>*Counsel for Plaintiffs* | **Edward Evan Cope**<br>**Josh A. McCreary**<br>Cope, Hudson, Reed & McCreary, PLLC<br>16 Public Square, North<br>P.O. Box 884<br>Murfreesboro, TN 37133<br>*Counsel for Rutherford County, Harrell* |
| **Josh Spickler**<br>Just City<br>902 South Cooper Street<br>Memphis, TN 38104<br>*Counsel for Plaintiffs* | **Michael Ray Jennings**<br>326 N Cumberland Street<br>Lebanon, TN 37087<br>*Counsel for Wilson County, Moss* |
| **Matthew G. White**<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103<br>*Counsel for Plaintiffs* | **Louis Gino Marchetti, Jr.**<br>**Charles S. Michels**<br>Taylor, Pigue, Marchetti & Blair, PLLC<br>2908 Poston Avenue<br>Nashville, TN 37203<br>*Counsel for Mt. Juliet* |
| **Mark Ennis McGrady**<br>Farrar & Bates<br>211 Seventh Ave., North, Suite 500<br>Nashville, TN 37219<br>*Counsel for Mt. Juliet, Gaskill, Wilson County, and Moss* | **Phillip Andrew Wright, Jr.**<br>City of Lebanon<br>200 Castle Heights Avenue, N<br>Lebanon, TN 37087<br>*Counsel for Lebanon, Linville* |

/s/ Andrew B. Campbell
ANDREW B. CAMPBELL

37