IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FRED ROBINSON; ASHLEY SPRAGUE; )
JOHNNY GIBBS; and BRIANNA BOOHER, )
on behalf of themselves and all others )
similarly situated, )
)
                   Plaintiffs, )
)
v. )   No. 3:17-cv-01263
)   **JUDGE TRAUGER**
DAVID W. PURKEY, Commissioner of the )
Tennessee Department of Safety and Homeland )
Security, in his official capacity; DEBBIE MOSS, )
Circuit Court Clerk of Wilson County, Tennessee, )
in her official capacity; MELISSA HARRELL, )
Circuit Court Clerk of Rutherford County, )
Tennessee, in her official capacity; COREY )
LINVILLE, Court Clerk of the Municipal Court )
of Lebanon, Tennessee, in his official capacity; )
SUSAN GASKILL, Court Clerk of the City Court )
of Mt. Juliet, Tennessee, in her official capacity; )
WILSON COUNTY, TENNESSEE; )
RUTHERFORD COUNTY, TENNESSEE; )
LEBANON, TENNESSEE; and MT. JULIET, )
TENNESSEE, )
)
                   Defendants. )

## PLANTIFF GIBBS'S RESPONSES AND OBJECTIONS TO DEFENDANT PURKEY'S REQUESTS FOR ADMISSION

Plaintiff Johnny Gibbs hereby responds to Defendant Purkey's Requests for Admission (the "Requests") served June 22, 2018.

### GENERAL OBJECTIONS

Plaintiff Gibbs objects to Instructions 3 and 4 because they demand responses beyond the scope of Rule 36 and are disguised interrogatories in excess of the limit set by Local Rule

**EXHIBIT 4**

13. Please admit that, for matters appealed from municipal court to circuit court pursuant to Tenn. Code Ann. § 16-18-307, a circuit court may apportion costs "as in the presiding judge's opinion the equities of the case demand." *See* Tenn. Code Ann. § 20-12-119(b).

> **Response:** Plaintiff Gibbs *Objects* to this Request as irrelevant in light of the Court's ruling (ECF #151 at 52-56) that what is at issue in this case is not the underlying judgment (which is what any appeal would be from) but the manner of collection. Plaintiff Gibbs further *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."
>
> Subject to and without waiving the objection, *Denied* as stated on information and belief, because neither cited statute so provides in the case of an appeal, and Defendant Purkey has not provided materials from which Plaintiff Gibbs can assess the validity of the assertion. *See also* Response to Request No. 4.

14. Referring to ¶ 198 of the Corrected Amended Complaint, please admit that you have not held a valid driver's license since 1999.

> **Response:** *Admitted.*

15. Referring to ¶ 198 of the Corrected Amended Complaint, please admit that neither you – nor your counsel – have ever asked the Rutherford County judge pursuant to Tenn. Code Ann. § 40-24-101(a)(2), (3), to structure a payment schedule with regard to the fine imposed by the court.

> **Response:** Plaintiff Gibbs *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute,

10

given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

Plaintiff Gibbs further *Objects* to the Request for lack of foundation for the availability of the asserted remedy, as to which see the Responses to Request Nos. 1-13.

Subject to and without waiving these objections, *Admitted* only that neither Plaintiff Gibbs nor his counsel requested the Rutherford County judge to structure a payment plan but otherwise *Denied* as an incomplete description of the factual circumstances regarding Plaintiff Gibbs's requests for relief, and thus misleading, in that, as alleged in ¶ 204 of the Corrected Amended Complaint, Plaintiff Gibbs offered to make a to make a partial payment toward the Traffic Debt to his Rutherford Probation officer, but the officer stated that Rutherford County does not offer payment plans but only accepts payment in full.

16. Referring to ¶ 198 of the Corrected Amended Complaint, please admit that neither you – nor your counsel – have ever asked the Rutherford County judge pursuant to Tenn. Code Ann. § 40-24-102, to release you, in whole or in part, from the fine imposed by the court.

**Response:** Plaintiff Gibbs *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

11

Plaintiff Gibbs further *Objects* to the Request for lack of foundation for the availability of the asserted remedy, as to which see the Responses to Request Nos. 1-13.

Subject to and without waiving these objections, *Admitted* only that neither Plaintiff Gibbs nor his counsel requested the Rutherford County judge to release him, in whole or in part, from the fine but otherwise *Denied* as an incomplete description of the factual circumstances regarding Plaintiff Gibbs's requests for relief, and thus misleading, in that, as alleged in ¶ 204 of the Corrected Amended Complaint, Plaintiff Gibbs offered to make a to make a partial payment toward the Traffic Debt to his Rutherford Probation officer, but the officer stated that Rutherford County does not offer payment plans but only accepts payment in full.

17. Referring ¶ 198 of the Corrected Amended Complaint, please admit that neither you – nor your counsel – have ever asked the Rutherford County judge for any relief pursuant to Tenn. Code Ann. § 40-24-104(a).

    **Response:** Plaintiff Gibbs *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

    Plaintiff Gibbs further *Objects* to the Request for lack of foundation for the availability of the asserted remedy, as to which see the Responses to Request Nos. 1-13.

12

Subject to and without waiving these objections, *Admitted* only that neither Plaintiff Gibbs nor his counsel requested the Rutherford County judge to release him, in whole or in part, from the fine but otherwise *Denied* as an incomplete description of the factual circumstances regarding Plaintiff Gibbs's requests for relief, and thus misleading, in that, as alleged in ¶ 204 of the Corrected Amended Complaint, Plaintiff Gibbs offered to make a to make a partial payment toward the Traffic Debt to his Rutherford Probation officer, but the officer stated that Rutherford County does not offer payment plans but only accepts payment in full.

18. Referring to ¶ 198 of the Corrected Amended Complaint, please admit that neither you – nor your counsel – have ever asked the Rutherford County judge pursuant to Tenn. Code Ann. § 40-25-123(b), to waive or suspend, in whole or in part, the court costs and litigation tax imposed by the court.

    **Response:** Plaintiff Gibbs *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

    Plaintiff Gibbs further *Objects* to the Request for lack of foundation for the availability of the asserted remedy, as to which see the Responses to Request Nos. 1-13.

    Subject to and without waiving these objections, *Admitted* only that neither Plaintiff Gibbs nor his counsel requested the Rutherford County judge to release him, in whole or in part, from the court costs and litigation tax but otherwise *Denied*

13

as an incomplete description of the factual circumstances regarding Plaintiff Gibbs's requests for relief, and thus misleading, in that, as alleged in ¶ 204 of the Corrected Amended Complaint, Plaintiff Gibbs offered to make a to make a partial payment toward the Traffic Debt to his Rutherford Probation officer, but the officer stated that Rutherford County does not offer payment plans but only accepts payment in full.

19. Referring to ¶ 198 of the Corrected Amended Complaint, please admit that you did not appeal the judgment of the Rutherford County court.

   **Response:** Plaintiff Gibbs *Objects* to this Request as irrelevant in light of the Court's ruling (ECF #151 at 52-56) that what is at issue in this case is not the underlying judgment (which is what any appeal would be from) but the manner of collection. Plaintiff Gibbs *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

   Subject to and without waiving that objection, *Admitted*.

20. Referring to ¶ 203 of the Corrected Amended Complaint, please admit that neither you – nor your counsel – have ever asked the Rutherford County judge pursuant to Tenn. Code Ann. § 40-24-101(a)(2), (3), to structure a payment schedule with regard to the fine imposed by the court.

   **Response:** Plaintiff Gibbs further *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by

14

statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

Plaintiff Gibbs further *Objects* to the Request for lack of foundation for the availability of the asserted remedy, as to which see the Responses to Request Nos. 1-13.

Subject to and without waiving these objections, *Admitted* only neither Plaintiff Gibbs nor his counsel requested the Rutherford County judge to structure a payment plan but otherwise *Denied* as an incomplete description of the factual circumstances regarding Plaintiff Gibbs's requests for relief, and thus misleading, in that, as alleged in ¶ 204 of the Corrected Amended Complaint, Plaintiff Gibbs offered to make a to make a partial payment toward the Traffic Debt to his Rutherford Probation officer, but the officer stated that Rutherford County does not offer payment plans but only accepts payment in full.

21. Referring to ¶ 203 of the Corrected Amended Complaint, please admit that neither you – nor your counsel – have ever asked the Rutherford County judge pursuant to Tenn. Code Ann. § 40-24-102, to release you, in whole or in part, from the fine imposed by the court.

**Response:** Plaintiff Gibbs further *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

15

Plaintiff Gibbs further *Objects* to the Request for lack of foundation for the availability of the asserted remedy, as to which see the Responses to Request Nos. 1-13.

Subject to and without waiving these objections, *Admitted* only that neither Plaintiff Gibbs nor his counsel requested the Rutherford County judge to release him, in whole or in part, from the fine but otherwise *Denied* as an incomplete description of the factual circumstances regarding Plaintiff Gibbs's requests for relief, and thus misleading, in that, as alleged in ¶ 204 of the Corrected Amended Complaint, Plaintiff Gibbs offered to make a to make a partial payment toward the Traffic Debt to his Rutherford Probation officer, but the officer stated that Rutherford County does not offer payment plans but only accepts payment in full, and further, that Plaintiff Gibbs asked his probation officer to reduce or waive his Court Debt stemming from the conviction referred to in ¶ 203 of the Corrected Amended Complaint, but was denied.

22. Referring to ¶ 203 of the Corrected Amended Complaint, please admit that neither you – nor your counsel – have ever asked the Rutherford County judge for any relief pursuant to Tenn. Code Ann. § 40-24-104(a).

    **Response:** Plaintiff Gibbs further *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

16

Plaintiff Gibbs further *Objects* to the Request for lack of foundation for the availability of the asserted remedy, as to which see the Responses to Request Nos. 1-13.

Subject to and without waiving these objections, *Admitted* only that neither Plaintiff Gibbs nor his counsel requested the Rutherford County judge to release him, in whole or in part, from the fine but otherwise *Denied* as an incomplete description of the factual circumstances regarding Plaintiff Gibbs's requests for relief, and thus misleading, in that, as alleged in ¶ 204 of the Corrected Amended Complaint, Plaintiff Gibbs offered to make a to make a partial payment toward the Traffic Debt to his Rutherford Probation officer, but the officer stated that Rutherford County does not offer payment plans but only accepts payment in full, and, further, that Plaintiff Gibbs asked his probation officer to reduce or waive his Court Debt stemming from the conviction referred to in ¶ 203 of the Corrected Amended Complaint, but was denied.

23. Referring to ¶ 203 of the Corrected Amended Complaint, please admit that neither you – nor your counsel – have ever asked the Rutherford County judge pursuant to Tenn. Code Ann. § 40-25-123(b), to waive or suspend, in whole or in part, the court costs and litigation tax imposed by the court.

    **Response:** Plaintiff Gibbs further *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

17

Plaintiff Gibbs further *Objects* to the Request for lack of foundation for the availability of the asserted remedy, as to which see the Responses to Request Nos. 1-13.

Subject to and without waiving these objections, *Admitted* only that neither Plaintiff Gibbs nor his counsel requested the Rutherford County judge to release him, in whole or in part, from the court costs and litigation tax but otherwise *Denied* as an incomplete description of the factual circumstances regarding Plaintiff Gibbs's requests for relief, and thus misleading, in that, as alleged in ¶ 204 of the Corrected Amended Complaint, Plaintiff Gibbs offered to make a to make a partial payment toward the Traffic Debt to his Rutherford Probation officer, but the officer stated that Rutherford County does not offer payment plans but only accepts payment in full, and, further, that Plaintiff Gibbs asked his probation officer to reduce or waive his Court Debt stemming from the conviction referred to in ¶ 203 of the Corrected Amended Complaint, but was denied.

24. Referring to ¶ 203 of the Corrected Amended Complaint, please admit that you did not appeal the judgment of the Rutherford County court.

**Response:** Plaintiff Gibbs *Objects* to this Request as irrelevant in light of the Court's ruling (ECF #151 at 52-56) that what is at issue in this case is not the underlying judgment (which is what any appeal would be from) but the manner of collection. Plaintiff Gibbs *Objects* to this Request as irrelevant in light of the Court's rulings (ECF #151 at 89-91) that "[e]very statutory opportunity for relief is left entirely to the discretion of the court," that "when a court is, by statute, given discretion to grant a debtor relief from a particular type of debt related to criminal proceedings, that discretion includes the authority to deny relief, despite the

18

debtor's indigence," and that "[t]he state cannot replace a right to relief with an opportunity merely to throw oneself upon the mercy of the court."

Subject to and without waiving that objection, *Admitted*.

19

                /s/ Matthew G. White
-----------------------------------
Jonathan Cole (TN #16632)
Matthew G. White (TN #30857)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
First Tennessee Bank Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
901-577-8182
jcole@bakerdonelson.com
mwhite@bakerdonelson.com

                /s/ Claudia Wilner
-----------------------------------
Claudia Wilner (NY #4264156)*
Edward P. Krugman (NY #1665892)*
Theresa Lau (NY #5496526)*
NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE
275 Seventh Avenue, Suite 1506
New York, NY 10001
212-633-6967
wilner@nclej.org
krugman@nclej.org
lau@nclej.org

                /s/ Tara Mikkilineni
-----------------------------------
Tara Mikkilineni (DC #997284)**
Jonas Wang (DC #1531749)*
Eric Halperin (DC # 491199)**
CIVIL RIGHTS CORPS
910 17th Street NW, Suite 200
Washington, DC 20006 202-670-4809
tara@civilrightscorps.org
jonas@civilrightscorps.org
eric@civilrightscorps.org

                /s/ Josh Spickler
-----------------------------------
Josh Spickler (TN #21019)*
JUST CITY
902 South Cooper Street
Memphis, TN 38104
901-206-2226
josh@justcity.org

\* *Pro hac vice*
\*\* *Pro hac vice forthcoming*

30

Case 3:17-cv-01263   Document 187-5   Filed 08/21/18   Page 12 of 12 PageID #: 2969