UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FRED ROBINSON; ASHLEY SPRAGUE; and JOHNNY GIBBS**, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs**,<br><br>v.<br><br>**JEFF LONG, Commissioner** of the Tennessee Department of Safety and Homeland Security, in his official capacity,<br><br>**Defendant.** | Case No. 3:17-cv-01263<br>Judge Aleta A. Trauger |

## ORDER

On May 20, 2020, the Sixth Circuit Court of Appeals issued an opinion reversing this court's grant of a preliminary injunction to the plaintiffs in this case. *Robinson v. Long*, 814 F. App'x 991, 995 (6th Cir. 2020). That opinion relied in large part on the Sixth Circuit's 2019 opinion in *Fowler v. Benson*, 924 F.3d 247 (6th Cir. 2019), in which the court rejected the substantive legal arguments underlying similar claims arising out of the State of Michigan. *See Robinson*, 814 F. App'x at 995 (Cole, C.J., concurring in judgment) ("I concur in judgment in light of the fact that *Fowler v. Benson* . . . is binding precedent in this circuit."). On July 30, 2020, the Sixth Circuit denied the plaintiffs' petition for *en banc* review. *Robinson v. Long*, 966 F.3d 521 (6th Cir. 2020). Following the issuance of the Sixth Circuit's mandate, the Commissioner filed a Motion for Judgment on the Pleadings. (Doc. No. 253.)

On December 28, 2020, the plaintiffs informed this court that they did not intend to seek a writ of certiorari from the U.S. Supreme Court. (Doc. No. 258.) On January 20, 2021, the

1

plaintiffs filed a Notice in which they conceded that the Sixth Circuit's ruling regarding the preliminary injunction "is dispositive of this action, and judgment may be entered for" the Commissioner. (Doc. No. 259 at 1.) The plaintiffs further argued that, because the entry of such a judgment would constitute a resolution of this case on the merits following thoroughly contested litigation, it would not be a settlement, voluntary dismissal, or compromise for the purposes of Federal Rule of Civil Procedure 23(e) and, therefore, would require no additional notice or procedural safeguards on behalf of the members of the certified class represented by the named plaintiffs.

The court agrees that neither the text nor the purpose of Rule 23(e) requires this court to treat the disposition of the Commissioner's motion as the equivalent of a settlement, voluntary dismissal, or compromise. It is a disposition on the merits, in light of the law of the case established by the Sixth Circuit in its application of *Fowler* to these claims. Because the law of the case wholly forecloses the possibility of success on the merits by the plaintiffs, the Commissioner's Motion for Judgment on the Pleadings (Doc. No. 253) is hereby **GRANTED**. The Clerk shall enter judgment in accordance with Rule 58, Federal Rules of Civil Procedure.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge